UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DASHONE MARCEL REYNOLDS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1474** |
| **DEPUTY JONATHAN CHARLES, ET. AL** | **SECTION "A"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)**, **§ 1915e(2)**, and **§ 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.     Factual Background**

    **A.     The Complaint**

The plaintiff, Dashone Marcel Reynolds ("Reynolds"), filed this pro se and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against Deputy Jonathan Charles ("Deputy Charles"). While incarcerated at the Orleans Justice Center ("OJC"), Reynolds alleges that Deputy Charles placed "false charges" on Reynolds. Reynolds contends that the incident number #Q00001522 itself, is a prohibited act. Reynolds alleges that Deputy Charles' conduct amounts to an abuse of power. Specifically, Reynolds suggests that Deputy Charles' body camera and the security camera will show the nature of the improper conduct on pod 3A from the time his cell opened until 11:00 a.m. on May 16, 2022.

Attached to the complaint is a disciplinary hearing notification form, which indicates that Deputy Charles observed misconduct of inmate Reynolds. The charges indicated on the hearing notification form include setting or starting a fire, participating in a work stoppage, and failing to treat staff with respect. The form further indicates that Reynolds was charged with engaging in unauthorized movement to or from the area or leaving an assigned area. Reynolds disagrees with this finding. The form noticed a disciplinary hearing set for May 19, 2022.

As a result of the allegations, Reynolds contends that disciplinary action should be taken against Deputy Charles. He further seeks "monetary relief for the abuse of power and prohibited act by a facility staff." *See* R. Doc. 3.

## II.  Standards of Review

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and

delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *See Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see also Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III. Analysis

Reynolds challenges the disciplinary charges filed against him by Deputy Charles. He alleges that the five (5) charges are false. As a result, he seeks to have Deputy Charles disciplined and receive monetary damages.

State inmates have limited constitutional rights in the prison disciplinary hearing context under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, an inmate is entitled to rights under the Due Process Clause, only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). "Liberty interests protected by the Fourteenth Amendment may arise from two sources - the Due Process Clause itself and the laws of the States." *Hewitt v. Helms,* 459 U.S. 460, 466 (1983).

In *Sandin*, the Supreme Court recognized that, although the States may create liberty interests, "these interests will generally be limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484 (citations omitted). In *Sandin*, a convicted prisoner was placed in disciplinary segregation for 30 days. *Id*. Further in *Sandin*, the discipline did not inevitably affect the duration of his sentence. *Id*. Ultimately, the *Sandin* court held that due process does not

require that the inmate be afforded the procedural mechanisms previously prescribed in *Wolff*, 418 U.S. at 555-57,[1] and *Hewitt,* 459 U.S. at 470-72.[2] *Id*.

In the instant case, Reynold's disciplinary charges/convictions have not been successfully challenged or appealed in any way. Given that the hearing was set on May 19, 2022, presumably, a result followed the hearing, which caused Reynolds to initiate this lawsuit. However, Reynolds does not have a liberty interest in challenging the punishment he received as a result of his disciplinary hearing. *See Jon v. Cockrell,* 80 Fed. App'x.296 (5th Cir. 2003) (citing *Sandin*, 515 U.S. at 484).

Further, there is no constitutional right to have a correctional officer disciplined or corrected. *See Brown v. Gusman,* Civil No. 15-1491, 2015 WL 6827260, at *7 (E.D. La. 2015) (citing *Ordaz v. Martin*, No. 93-4170, 1993 WL 373830, at *9 (5th Cir. Sept. 15, 1993). Therefore, Reynolds fails to state a claim for which relief may be granted.

**IV.   Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that the plaintiff's § 1983 claims for false disciplinary charges against defendant, Deputy Jonathan Charles be **DISMISSED WITH PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **fourteen (14) days**

---

[1] In *Wolff*, the Supreme Court held that because disciplinary proceedings are not part of a criminal prosecution, the prisoner is not afforded "the full panoply of rights" provided in criminal proceedings. *Wolff*, 418 U.S. at 556. Nevertheless, the *Wolff* court held that, when punishing a prisoner for lengthy periods, or when causing loss of privileges or time, prison officials must afford the prisoner <u>some</u> due process in disciplinary proceedings. *Id*. Further, it must occur before imposing punishment, including advance written notice of the violation, a written statement from the factfinders, and an opportunity to call witnesses and present evidence. *Id*.

[2] In *Hewitt*, the Supreme Court held that simple disciplinary proceedings where the inmate faced only short disciplinary confinement merely required an informal non-adversary review, some notice of the violation, and the opportunity to make a statement. *Hewitt,* 459 U.S. at 470-72.

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 20th day of October, 2022.

KAREN WELLS ROBY
**UNITED STATES MAGISTRATE JUDGE**